Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000017
26-JAN-2012
08:40 AM

NO. CAAP-11-0000017

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HENRY KAPONONUIAHOPILI LII, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 10-1-0010 (Cr. Nos. 88-0826 & 88-2308))

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Reifurth, and Ginoza, JJ.)

Petitioner-Appellant pro se Henry Kapononuiahopili Lii
(Lii) appeals from the Order Denying Petition for Post-Conviction
Relief Without A Hearing filed on December 23, 2010 in the
Circuit Court of the First Circuit[1] (circuit court).

On March 31, 2010, Lii filed a Petition for Post-
Conviction Relief (Petition).  In the Petition, Lii contended
that (1) he did not voluntarily and knowingly enter into the plea
agreement in Cr. No. 88-0826 because he did not offer to sell
methamphetamine to or buy methamphetamine from an undercover
police officer; (2) he should have been sentenced pursuant to the
Youthful Offender Act, HRS § 706-667 (Supp. 1987); (3) he had
ineffective counsel because counsel failed to advise him that he
qualified for sentencing as a youthful offender and counsel had

_____

[1]  The Honorable Richard K. Perkins presided.

him plead to the wrong elements of the crime in Cr. No. 88-0826; and (4) he was being held beyond his maximum sentence, pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Lii's appeal is without merit.

(1)  Contrary to Lii's claim, the record demonstrates he knowingly and voluntarily entered into his plea agreement. Manifest injustice has not been demonstrated, and Lii is not entitled to withdraw his guilty plea.  State v. Cornelio, 68 Haw. 644, 646-47, 727 P.2d 1125, 1126-27 (1986).

(2)  Lii was not eligible for sentencing under the Youthful Offender Act, HRS § 706-667.  When Lii was sentenced, HRS § 706-667 was limited to defendants who were less than 22 years of age at the time of sentencing.  At the time of Lii's sentencing in Cr. Nos. 88-0826 and 88-2308, he was not less than 22 years of age.

(3)  Lii's counsel was not ineffective for failing to advise him that he was eligible to be sentenced under HRS § 706-667 because Lii was not eligible to be sentenced as a youthful offender.  Lii's counsel also was not ineffective because Lii did not plead guilty to the wrong crime or element.  In Lii's guilty plea in Cr. No. 88-0826, the factual basis for Lii's plea was that "[o]n October 8, 1987, I sold $50.00 worth of cocaine to an undercover policeman."  Therefore, Lii did not plead guilty to the wrong offense or element of Promoting a Dangerous Drug in the Second Degree, in violation of HRS § 712-1242 (Supp. 1987), because he admitted that he distributed or sold cocaine in an amount to another.

(4)  The circuit court did not sentence Lii to an extended term sentence in either Cr. No. 88-0826 or Cr. No. 88-2308.  Therefore, Apprendi is not applicable.

Therefore,

IT IS HEREBY ORDERED that the Order Denying Petition for Post-Conviction Relief Without A Hearing filed on December 23, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 26, 2012.

On the briefs:

Henry Kapononuiahopili Lii,
Petitioner-Appellant pro se.

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3